```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

CUNEYD ER,                      )
                                )
          Plaintiff,            )
                                )
     v.                         )    No.  10 C 6662
                                )
BOEING COMPANY,                 )
                                )
          Defendant.            )
```

MEMORANDUM OPINION AND ORDER

Like the proverbial bad penny, this action has again turned up on this Court's calendar. Something less than a year ago defendant The Boeing Company ("Boeing") sought to remove the action (then case No. 09 C 7806) case from its original forum in the Circuit Court of Cook County to this District Court, even though Boeing's Illinois citizenship barred such removal under the second sentence of 28 U.S.C. §1441(b).[1] This Court swiftly remanded the action to its state court of origin.

At that time Boeing's position was that even though its corporate headquarters had been moved to Chicago some years ago, its self-defined approach to the principal-place-of-business concept (one of the dual corporate citizenship factors set out in Section 1332(c)(1)) negated Illinois citizenship. It was wrong then, as the United States Supreme Court confirmed just two

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

months later in Hertz Corp. v. Friend, 130 S.Ct. 1181 (2010).[2] And this opinion now holds that Boeing is wrong once again in its current renewed attempt to bring a new Notice of Removal ("Notice") to escape the state court forum that plaintiff Cuneyd Er ("Er") and Er's counsel have chosen.

Before this opinion turns to the substantive reason for that holding, a brief side excursion into a matter of procedure is in order. When the Clerk's Office received the current Notice and allocated Case No. 10 C 6662 to the action, it assigned the case at random, landing it on the calendar of this Court's colleague Honorable Samuel Der-Yeghiayan. Although the Civil Cover Sheet form (filled out by counsel to accompany every lawsuit filed in this District Court) has no place to indicate whether a case involves the second removal from a state court of a previously remanded action (a situation as to which District Court's LR 40.3(b)(3) directs assignment to the same judge who had ordered the earlier remand), Boeing's counsel was of course well aware of that situation here.

Nonetheless counsel did not alert the Clerk's Office to the fact that direct assignment to this Court's calendar was required. This Court has no way of knowing the reason for that

---

[2] Indeed, Boeing itself had previously characterized its principal place of business as sited in Chicago in other cases in this judicial district and elsewhere. And several of this Court's colleagues, in decisions made nonreviewable on appeal by Section 1447(d), have so held as well.

2

failure, but no matter--after the parties had briefed a remand motion last month, Judge Der-Yeghiayan sought and the Executive Committee granted reassignment to this Court's calendar.

To turn to the substantive issue at hand, as chance would have it this Court has already considered and rejected Boeing's current removal effort, which is sought to be grounded in the provisions of the Class Action Fairness Act ("CAFA") dealing with the "mass action" concept (Section 1332(d)(11)), via an attempted sleight-of-hand conversion into a single purported "mass action" of no fewer than 29 separate lawsuits brought by 29 separate plaintiffs (who are, to boot, represented by several different lawyers). Less than three weeks ago this Court ordered the remand of Koral v. Boeing Company, No. 10 C 6636 (2010 WL 4116730 (N.D. Ill. Oct. 18)), pointing out in part that Section 1332(d)(11) consistently speaks of the "mass action" in singular terms, and pointing as well to Seventh Circuit caselaw that has counseled the rejection of efforts such as those Boeing has engaged in here. Nothing in the Boeing memorandum in this case (Dkt. 24) calls for revisiting or altering this Court's view announced in Koral.

Indeed, Er's counsel has a second string to the remand bow. Er's Mem. 13-15 (in Dkt. 22) points out that Boeing's claim of the timeliness of its recent attempted removal of all 29 lawsuits is premised entirely on a footnote in a state court filing on

3

another issue--a footnote that adverted to the possibility of a single exemplar trial on the liability issue common to those lawsuits.[3] But Er's counsel has supplied as an exhibit an excerpt from the <u>August 12, 2010</u> deposition of Thomas Dodt, the same person referred to in that footnote, that necessarily alerted Boeing's counsel at that time to the same possibility of an exemplar trial as to liability.

That being the case, in Boeing's universe in which the mention of that prospect somehow transformed the 29 individual cases into a single "mass action," the 30-day clock for removal began to tick back in August. Here is the relevant portion of Section 1446(b):

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable....

So, as Er's counsel contends, Boeing's current attempt at removal is untimely as well as substantively deficient.

In sum, Boeing's current effort has accumulated two called strikes in a game in which even one strike is out. Accordingly, as was true in <u>Koral</u>, "it appears that the district court lacks

---

[3] Not incidentally, that possibility would still require individual trials on the very different damages issues applicable to the 29 separate plaintiffs, thus undercutting Boeing's position in any event.

subject matter jurisdiction" (Section 1447(c)), so that the last-cited section mandates remand. This Court so orders, and the certified copy of the remand order shall be mailed forthwith.

                                             _____
                                             Milton I. Shadur
                                             Senior United States District Judge

Date: November 8, 2010